# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. C-05-310 |
| | § | |
| RUNAKO LINDSEY. | § | |

## ORDER DENYING DEFENDANT'S
## MOTIONS FOR REDUCTION IN SENTENCE

On November 22, 2006, the Court received a letter from Defendant Runako Lindsey, and the Clerk has docketed the letter as a motion for reduction of sentence. (D.E. 38.) On December 18, 2006, the Clerk received from Lindsey a "Motion for Reduction of Sentence," (D.E. 39), which reiterates some of the claims raised in his earlier letter. For the reasons set forth herein, both motions are denied.

In his first letter, Lindsey argues that the Court erred at sentencing when it added a 2-point enhancement to his offense level pursuant to U.S.S.G. § 2K2.1(b)(4). The enhancement was due to the fact that the firearm involved in his offense had an obliterated serial number. (Presentence Investigation Report, ("PSR") at ¶ 13.) He asks the Court to correct the "mistake" and change his sentence accordingly.

Lindsey relies on the fact that his plea agreement included the dismissal of Count Two, which was a charge that he knowingly possessed, received, transported, or shipped a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). (D.E. 1.) He contends that the Assistant United States Attorney on his case told him that the indictment was dismissed not solely based on the plea agreement, but also because of insufficient evidence of Count Two. (D.E. 38 at 2-3.) He further points out that the 2-level adjustment was not discussed or

1

referenced in the written plea agreement. (D.E. 38 at 4.) Because of this, and because of the dismissal of Count Two, Lindsey contends that the 2-level enhancement should not have been added. He emphasizes that he is not challenging the conviction, but is simply requesting that the two-point adjustment of his base offense level be rescinded. (Id.)

In his second motion for reduction of sentence (D.E. 39), Lindsey again argues that his offense level computation "was improperly added." (D.E. 39 at 2.) He further contends that his sentence "creates a hardship and burden" upon his family, and that society will be adequately protected and his punishment will be adequate if the Court were to impose community supervision instead of a prison sentence. (D.E. 39 at 2-3.)

Lindsey's claims fail for several reasons. First, to the extent he is challenging the Court's application of the guidelines, that is a matter that would typically be raised on direct appeal,[1] and is not cognizable in a collateral proceeding. See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Second, the enhancement was proper, and the Court properly applied Section 2K2.1(b)(4), which requires a 2-level enhancement where a firearm involved in the offense has an obliterated serial number.

Third, any contention that Lindsey did not know of the possibility of the enhancement is flatly contradicted by the record. As an initial matter, Lindsey pleaded guilty to Count One of the indictment, which included the fact that the firearm he possessed had an obliterated serial number. (See D.E. 1.) That fact of the obliterated serial number was also referenced during his rearraignment as part of the charge against him, and Lindsey testified that he understood the charge. (Digital

---

[1] Lindsey's written plea agreement included a waiver of his appellate rights. (D.E. 20 at ¶ 7.) The Court questioned Lindsey at his rearraignment and he testified that he understood the waiver and the rights he was giving up. (Digital Recording of September 20, 2005 Rearraignment ("R. Rec.") at 3:14-3:15)

Recording of September 20, 2005 Rearraignment ("R. Rec.") at 3:08-3:09.)

Notably, the Court explicitly informed Lindsey during his rearraignment that his sentence under the guidelines could be increased because the firearm he possessed had an obliterated serial number. (R. Rec. at 3:21.) Lindsey testified that he understood and that he had discussed these matters with his attorney. (Id.) Thus, his claim that he did not know about the possibility of the enhancement is not credible.

Finally, even if the Court thought that the enhancement was somehow improper, it is without authority to alter Lindsey's sentence at this point. Indeed, Lindsey cites to no authority that would allow the Court to change his sentence. Rather, this Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). Lindsey fails to assert grounds for modification that fall into any of the categories above. Instead, he merely claims that the Court erred when it sentenced him, that the sentence is a hardship on his family, and that society would be protected even if he were sentenced only to community supervision. Because he does not state a valid ground for relief under § 3582(c), this Court is without authority to reduce his sentence.

3

For all of the foregoing reasons, Lindsey's motions to reduce sentence (D.E. 38, 39) are DENIED.

It is so ORDERED this 22nd day of December 2006.

_____
Janis Graham Jack
United States District Judge